IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY LEJEUNE,

        Plaintiff,

    v.                                                  CV 13-131 WPL/LAM

COLORADO CAS. INS. CO.,
d/b/a Ohio Cas. Ins. Co.,

        Defendant.

### ORDER GRANTING PLAINTIFF'S
### MOTION TO FILE AMENDED COMPLAINT

Larry LeJeune moved to amend his complaint in order to correct the case caption, add Ohio Casualty Insurance Company as a defendant, and clarify the roles of Ohio Casualty and Colorado Casualty Insurance Company. (Doc. 31.) Colorado Casualty opposes the motion on the grounds that the counts alleged against Colorado Casualty in the amended complaint would be subject to dismissal and are futile. Because Colorado Casualty's argument is based on disputed facts and is best left for a motion for summary judgment, and because LeJeune's motion is timely, I grant the motion to amend.

#### FACTUAL & PROCEDURAL BACKGROUND

LeJeune filed this lawsuit in state court on January 4, 2013, for breach of contract and bad faith in connection with an insurance claim for a motor vehicle collision. (Doc. 1 at 5-12.) Colorado Casualty removed the case to federal court (*id*. at 1-4), and the case was placed on a standard discovery track (Doc. 24). The scheduling order permitted LeJeune to add additional parties or amend pleadings, subject to Colorado Casualty's written consent or leave of the Court,

until April 12, 2013. (Doc. 25 at 2-3.) Before the deadline ran, on March 27, 2013, LeJeune filed this motion for leave to amend his complaint. (Doc. 31.) Colorado Casualty opposes this motion. (Doc. 34.)

## STANDARD OF REVIEW

A plaintiff may amend his or her complaint prior to trial with leave of the court. *See* FED. R. CIV. P. 15(a)(2). Leave of the court should be given freely unless the amendment would cause undue delay, would prejudice the opposing party, or is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). To determine futility, the court should apply the standard of legal sufficiency as outlined in Federal Rule of Civil Procedure 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041-42 (11th Cir. 1986)); *see also Lyon v. Aguilar*, 412 F. App'x 160, 161 (10th Cir. 2011) (unpublished) (holding a motion to amend a complaint was futile because the proposed complaint would be subject to dismissal under Rule 12(b)(6).)

Rule 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. In considering Rule 12(b)(6) motions, courts must look within the four corners of the complaint, accept all well-pleaded factual allegations as true, and determine if the plaintiff is plausibly entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v.*

*Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). Typically, a court will not consider any evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, but the court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011) (citing *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1045 (10th Cir. 2002)).

## DISCUSSION

Colorado Casualty asserts that LeJeune's proposed amended complaint is futile. While Colorado Casualty does not object to naming Ohio Casualty as a Defendant, it objects to the fact that it remains a Defendant as well. (Doc. 34 at 1.) Specifically, Colorado Casualty disputes the proposed complaint's assertions that it issued the policy to LeJeune and that it is Ohio Casualty's agent. (*Id.*) Under Colorado Casualty's reasoning, since these facts are allegedly incorrect, LeJeune will not be able to sustain its causes of action against it, rendering these claims in the proposed complaint subject to dismissal. (*Id*. at 5.)

Colorado Casualty's argument is based on a factual dispute. However, futility is measured by the Rule 12(b)(6) standard, which Colorado Casualty acknowledged in its response brief. (Doc. 34 at 2.) Thus, I must accept all well-pleaded factual allegations as true, so I must accept for the purpose of this motion that LeJeune's allegations regarding Colorado Casualty are correct. With respect to the exhibits attached to Colorado Casualty's response brief, even though LeJeune did not dispute their authenticity in the reply brief, I cannot consider them as proof that LeJeune's assertions are not plausible. While the exhibits lend support to Colorado Casualty's opposition to the motion, and specifically to the assertion that Ohio Casualty issued the policy

and is solely liable, it would be inappropriate to weigh these exhibits against the facts alleged in the amended complaint. This is particularly the case here because LeJeune has not had the opportunity to engage in the discovery necessary to flesh out the details of the legal relationship between Colorado Casualty and Ohio Casualty.

At its core, Colorado Casualty is asking me to deny the motion to amend on the basis that it disagrees with the facts contained in the proposed complaint. This would exceed the scope of Rule 15(a) or Rule 12(b)(b). I must accept all well-pled facts as true. Under this standard, Colorado Casualty has not shown that the proposed amended complaint would be subject to dismissal, so the amendment is not futile. Additionally, the motion was filed prior to the deadline to amend pleadings and add parties, so I find that it is timely. Since leave to amend should be freely given, I grant LeJeune's motion to amend and order him to file his amended complaint **within fourteen day from the entry of this order**. Should Colorado Casualty wish to contest the factual basis of LeJeune's claims, it may bring a motion for summary judgment on this matter.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.